**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No: 2:25-CR-150** |
| | : | |
| **v.** | : | |
| | : | **JUDGE MICHAEL H. WATSON** |
| **BRYAN W. ADAMS** | : | |

<u>**GOVERNMENT'S OPPOSITION TO DEFENDANT'S REQUEST FOR RELEASE
PENDING SENTENCING**</u>

Now comes the United States, by and through the undersigned Assistant United States Attorney, and hereby opposes Defendant Bryan Adams request for release pending a sentencing hearing in this matter.  (Doc. # 5, Defendant's Motion.)  The government respectfully submits that, as demonstrated more fully below, the defendant is precluded from remaining out of custody after entering his forthcoming guilty plea pursuant to 18 U.S.C. § 3143(a)(2).  As such, the government would seek his mandatory detention per law.

<u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

On or about March 26, 2025, law enforcement with Homeland Security Investigations and the Franklin County Internet Crimes Against Children Task Force (ICAC) obtained a federal search warrant for the residence of the defendant, Bryan Adams.  That warrant was approved by Magistrate Judge Elizabeth A. Preston Deavers under docket number 2:25-cr-172[1].  In summary, the probable cause for the warrant related to the exchange of child pornography between two Kik users, one of which utilized the name "beachguyalex_p05."  At the time the search warrant was executed, the warrant noted that the likely target and user of the "beachguyalex_p05" Kik account

---

[1] The search warrant is still under seal at this time, but a copy of the warrant was provided to counsel for the defendant in the discovery process.

was Bryan Adams but, law enforcement had not definitively confirmed his role in the exchange of child pornography online.  The warrant was executed on or about March 27, 2025, and a total of 16 digital media devices were seized from the defendant's residence. The defendant was not arrested at the time of the search warrant as the investigation at that point was still ongoing.

Almost immediately upon the completion of the execution of the search warrant, the defendant contacted attorney Terry K. Sherman.  Mr. Sherman then made contact with the government about the status of the investigation into the defendant and was, in general, informed that the investigation was ongoing but related to child exploitation offenses.  On or about April 8, 2025, the government received an email from Mr. Sherman indicating he was formally retained to represent the defendant, and discovery was sent to him accordingly.  From approximately April 2025 through June 2025, June 2025, the investigation into the defendant was completed and the parties engaged in discussions regarding a preindictment resolution.

On or about July 30, 2025, a proposed plea agreement was tendered to the defendant. Included in the correspondence with the plea agreement was the government's position that upon his signature on the plea and forthcoming plea hearing, the government would seek his mandatory detention per statute.  On or about September 5, 2025, the government received the signed plea agreement for the defendant and that plea agreement, with an accompanying bill of information, was filed with the court the same date. (Doc. #1 and 2, Charing Instrument and Plea Agreement). The plea agreement contemplated his admission to one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).  (Doc. #2, Plea Agreement).  It also contained a statement of facts which the defendant signed as a true and accurate version of what occurred. *Id.* Upon filing of the plea agreement, the defendant then submitted his memorandum in support of

release pending sentencing. (Doc. #5, Request for Release). The plea hearing was subsequently scheduled for October 8, 2025 before this Court.

## ANALYSIS AND ARGUMENT

After the defendant admits his guilt and the guilty plea is accepted, the defendant should be detained pursuant to 18 U.S.C. § 3143(a)(2). That section provides:

> **(2)** The judicial officer *shall order* that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence *be detained* unless—
>
> > **(A)**
> > **(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> >
> > **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; *and*
>
> **(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). (*emphasis added*).

The analysis first begins with whether or not the offense that the defendant will be pleading guilty too is one described in (A), (B), or (C) of 18 U.S.C. § 3142(f)(1). Here, 18 U.S.C. § 3142(f)(1)(A) is applicable because the charge against the defendant constitutes crimes of violence under the Bail Reform Act. *See* 18 U.S.C. § 3156(a)(4)(C) (defining crime of violence as "any felony under chapter . . . 110," which includes offenses under 18 U.S.C. §§ 2251 and 2252); *Brown*, 2008 WL 2098070 *3. As the Honorable Judge Frost found in *Brown*, "[t]he reason for classifying these charges as crimes of violence is clear," and amply supported by Congressional findings that "child pornography is a form of sexual abuse which can result in physical or psychological harm, or both, to the children involved," and that there is "little distinction in the

3

harm caused by a pedophile, be he a distributor or mere consumer in child pornography, because the mere existence of and traffic in child pornographic images creates the potential for many types of harm in the community and presents a clear and present danger to all children." *Id.* (citing *United States v. Mac Ewan*, 445 F.3d 237, 250 (3rd Cir. 2006), and the Child Pornography Prevention Act of 1996, Pub.L. No 104-208 § 121, 110 Stat. at 3009, 3009-27 (1996))(internal quotations omitted).

In his motion, the defendant presents evidence and arguments as it relates to the detention factors outlined in 18 U.S.C. § 3142(e)(3)(E). However, this is the incorrect standard to apply after a defendant has pled guilty. Furthermore, any presentation of evidence related to the judicial officer's finding by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community pursuant to 18 U.S.C. § 3143(a)(2)(B) is unnecessary. Here, that presentation only comes *if* subsection (A)(i) or (A)(ii) applies as indicated by the conjunction "and" listed in the statute. In this case, neither is applicable. The defendant signed an appellate waiver and is pleading guilty in this case making 18 U.S.C. § 3143(a)(2)(A)(i) irrelevant. In addition, there is a five-year mandatory minimum term of imprisonment in this case and a sentencing range of up to twenty years imprisonment. The government is certainly not asking that no term of imprisonment be imposed making 18 U.S.C. § 3143(a)(2)(A)(ii) also inapplicable. Because neither of those prongs are met, and the statute reads that one must occur before any further analysis, the Court does not proceed to the analysis in 18 U.S.C. § 3143(a)(2)(B). Therefore, pursuant to this statute, *shall* detain the defendant[2] and the government will seek to invoke this statute at the forthcoming plea hearing.

## CONCLUSION

---

[2] The defendant notes that this Court can look to 18 U.S.C. § 3145(c) which allows release where detention would otherwise be mandatory if the defendant meets the 18 U.S.C. § 3143(a)(1) factors and shows exceptional reasons. (Doc. #4, Page 3). Here, 18 U.S.C. § 3143(a)(2) is the applicable statute and there are no exceptional circumstances that would warrant his release.

WHEREFORE, the government respectfully submits that the defendant's motion to keep the defendant out of custody pending sentencing be denied.

Respectfully submitted,

DOMINICK S. GERACE
United States Attorney

s/*Emily Czerniejewski*
EMILY CZERNIEJEWSKI (IL 6308829)
Assistant United States Attorneys
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 406-3572
Fax: (614) 469-5653
E-mail: Emily.Czerniejewski@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Motion in Opposition was served this 25th day of September, 2025, electronically on Terry Sherman, attorney for the defendant Bryan Adams.

s/*Emily Czerniejewski*
EMILY CZERNIEJEWSKI (IL 6308829)
Assistant United States Attorney
