IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

United States of America,

    Plaintiff,

    vs.                                           Case #2:25 CR 150

Bryan W. Adams,                    Judge Michael Watson

    Defendant.

## **DEFENDANT BRYAN W. ADAMS' SENTENCING MEMORANDUM**

### **INTRODUCTION**

Your Honor, we are asking the Court to sentence Mr. Adams to 60 months, the mandatory minimum. Bryan Adams is a first time offender who accepted responsibility immediately, got therapy on his own, and understands he can never give in to these impulses again. Five years in prison followed by strict supervision is enough to punish him, protect the public, and deter future misconduct. Mr. Adams' personal history and treatment efforts support a sentence at the statutory minimum.

Here is our objection. The Probation Department's guidelines calculation incorrectly adds three levels, exceeding the sentencing range negotiated and stipulated to by both parties in the Statement of Facts presented to the Court during Mr. Adams' Change of Plea.

### **THE FACTS AS AGREED**

Let's start with what actually happened.

Between May 20 and June 11, 2024, Mr. Adams received thirteen digital files from Richard Campbell using Kik. Twelve were short video clips, one was a still image. All showed prepubescent minors in sexually explicit conduct. Mr. Adams viewed the files and deleted them. When law enforcement seized his devices later, they found no child pornography, which matches his statement that he did not save anything.

-1-

The communications involved "Grayson," a fictional child Campbell created. Mr. Adams believed this child was 16 years old. Campbell pretended to be both the child's guardian and sometimes the child himself. Mr. Adams engaged in that fake scenario, asked for more material, and talked about meeting this fictional child. Bryan Adams does not deny any of that.

But here is what is clear from the plea record: there was no hands-on offense, no production of child pornography, and no distribution by Mr. Adams.

The Plea Agreement also mentions that Mr. Adams later volunteered with Big Brothers Big Sisters and was matched with a 13 year-old boy. They went to baseball games and movies together. Most importantly, both the Plea Agreement and the PreSentence Investigation Report (PSR) state there is absolutely no evidence Mr. Adams did anything inappropriate with that child. Investigators looked into this relationship thoroughly and found no allegation and no proof of abuse.

The PSR goes beyond these stipulated facts by using conspiracy language, calling it a "ring," and suggesting some bigger organization linking Mr. Adams to Campbell, Toms, Congrove, and Bigham. Nothing in the Plea Agreement, chat records, or digital evidence supports that. There is no proof Mr. Adams knew these other people, coordinated with them, or sent material to anyone. We are asking the Court to judge his conduct based on what he actually agreed he did in the Stipulated Agreed Facts.

**GUIDELINE OBJECTIONS**

A.   **Image Count Under §2G2.2(b)(7)**

The image count enhancement was negotiated deliberately. In the Agreed Statement of Facts a two level enhancement under §2G2.2(b)(7)(A) for at least ten but fewer than 150 images, was stipulated. Nothing else.

This was not an accident. Everyone understood these videos were extremely

short, from about 30 seconds to just over a minute. They are nothing like the five minute "typical" video the Sentencing Commission used when it came up with the 75-to-1 conversion estimate.

Probation applied the commentary conversion mechanically, counting each clip as 75 images and turning thirteen files into 901 images. This calculation and the numbers were not stipulated in the Statement of Facts. This unstipulated fact creates a five level enhancement under §2G2.2(b)(7)(D), which is three levels higher than what both parties negotiated and presented to this Court. This approach overstates what Mr. Adams actually did.

Courts have recognized that the 75 image conversion is an estimate, not a factual finding. The Sixth Circuit, in <u>U.S.</u> <u>vs.</u> <u>Coffman</u>, No. 21-3740, 2022 17098621 (6th Cir., Nov. 18, 2022), acknowledged that the conversion ratio came from a five minute video assumption and that courts can account for situations where appropriate.

Both parties agreed at the Plea Hearing to using the 75-to-1 ratio. The government said it will honor the Plea Agreement. Probation went outside the Statement of Facts when calculating the guidelines. The Court has plenty of discretion to give serious weight to plea-based stipulations when calculating the advisory range.

The bottom line is simple: these stipulated facts are the only agreed facts the Court has. We are asking the Court to sustain this objection, reject the five level enhancement under §2G2.2(b)(7)(D), and apply the two level enhancement under §2G2.2(b)(7)(A) as agreed.

B. **Mitigating Role Under §3B1.2**

The PSR refuses to apply a mitigating role adjustment and calls this a conspiracy involving Campbell, Toms, Congrove, Bigham, and Mr. Adams. But it also admits that Mr. Adams only communicated with Campbell, did not recruit anyone, did not direct anyone's conduct, and did not distribute any material.

Section 3B1.2 asks whether a defendant is substantially less culpable than the average participant. Campbell and Toms were the primary actors. Toms produced child sexual abuse material involving his own child. Campbell distributed that material, created fake personas, and orchestrated contact with multiple recipients. Mr. Adams' role was much narrower. He was a recipient who asked for material to view personally. He did not help produce anything, did not distribute material to others, and had no idea about the broader scope of Campbell's activities.

If the Court does not want to apply §3B1.2 formally, these same facts matter under §3553(a). Mr. Adams' limited role, lack of authority, and isolation from the core conduct distinguish him from the producers and distributors who drove this criminal activity and support a lower sentence.

C. **Conspiracy and BBBS Related Allegations**

We object to the PSR's use of conspiracy language and any suggestion of BBBS-related victim impact. Mr. Adams was not charged with conspiracy, and the Plea Agreement contains no facts establishing an agreement with or knowledge of other defendants beyond Campbell.

Regarding Big Brothers Big Sisters, both the Plea Agreement and PSR acknowledge that investigators found no inappropriate conduct. That child is not a victim of the offense of conviction.

### CORRECT GUIDELINE CALCULATIONS

If the Court sustains our objections, the guideline calculation is as follows:

1. Base offense level (§2G2.2(a)(2)) 22;
2. Receipt only reduction (§2G2.2(b)(1)) minus 2;
3. Prepubescent minor (§2G2.2(b)(2)) plus 2;
4. Infant or toddler material (§2G2.2(b)(4)(B)) plus 4;
5. Use of a computer (§2G2.2(b)(6)) plus 2;

6. Image count (§2G2.2(b)(7)(A)) plus 2;

Subtotal 30

7. Mitigating role (§3B1.2(b)) minus 2 (requested);

Adjusted offense level before acceptance 28

8. Acceptance of responsibility (§3E1.1(a) and (b)) minus 3.

Total offense level 25

With Criminal History Category 1, the advisory guideline range is 57 to 71months.  Because of the 60 month mandatory minimum, the effective range is 60 to 71 months. We are asking for a sentence at or very close to 60 months.

### §3553(A) F<span>ACTORS</span>

A. **Nature and Circumstances of the Offense**

Mr. Adams does not minimize how serious this offense is.  The material involved young children and receiving such material contributes to a market rooted in exploitation.  But the Court must consider what Mr. Adams did not do.  He did not produce the material.  He did not distribute it.  He did not keep or collect it.  He did not commit any hands-on offense.

This conduct happened over about three weeks, involved one sender, and centered on one fictional scenario.  There is no evidence of an ongoing collection, participation in public forums, or movement from fantasy to real world contact with a child.  A 60 month sentence, combined with the collateral consequences and lengthy supervision that will follow, adequately reflects the seriousness of the offense without treating Mr. Adams the same as producers or serial distributors who typically get much longer sentences.

B. **History and Characteristics of the Defendant**

Outside this offense, Mr. Adams has lived a law abiding and productive life.  He is 52 years old, with no criminal history, holds a bachelor's degree, maintained long

term employment, and has been a committed husband and father. His family describes him as kind, supportive, and deeply involved in his daughters' lives. They are prepared to support him upon release.

He also understands now that he had serious internal issues he failed to confront. When agents executed the search warrant, he was forced to face the reality of his conduct and the danger of the path he was on. Instead of denying responsibility, he sought therapy immediately and has stayed in consistent mental health treatment. While the therapy is not labeled as a sex offender program, the work has been substantive. He recognizes his deviant thoughts, understands they must never be indulged, and has developed strategies to interrupt and manage those impulses.

He accepts that these desires will not simply disappear and that lifelong vigilance is required. That insight, combined with his lack of criminal history, strong family support, and the deterrent effect of this prosecution, supports a sentence at the statutory minimum with robust supervision rather than a substantially longer prison term.

C. **Deterrence and Protection of the Public**

This prosecution has already imposed severe consequences. Mr. Adams has lost his employment, his home, his reputation, his role as a provider, and will be a registered sex offender for many years to come. The execution of a federal search warrant, the stigma of the charge, and the certainty of imprisonment have had a powerful deterrent effect. There is no evidence of any hands-on abuse and no indication of continued illegal conduct after the search.

From a general deterrence perspective, a 60 month sentence sends a clear message. The Sentencing Commission's data shows that first-time receipt-only offenders frequently receive sentences in this range, while more aggravated conduct drives higher penalties. A five year prison term followed by sex offense supervision

makes clear that online-only conduct carries life-altering consequences without erasing meaningful differences in culpability.

D.     **Avoiding Unwarranted Sentencing Disparities**

Respecting the plea-based image count, recognizing Mr. Adams' limited role, and sentencing at the low end of the effective range helps avoid unwarranted disparities and aligns his sentence with similarly situated defendants.

**CONCLUSION**

For these reasons, we respectfully ask the Court to:

1. Sustain the objection to the five level image count enhancement and apply the two level enhancement agreed to in the Plea Agreement;

2. Recognize Mr. Adams' limited role through §3B1.2 or, at a minimum, under §3553(a);

3. Decline to rely on non-stipulated conspiracy language or unsupported BBBS related victim impact suggestions; and

4. Impose a sentence at or very near the 60 month mandatory minimum, followed by appropriate supervised release.

>
> Respectfully submitted,
>
> /s/Terry K. Sherman, #0002417
> Attorney for Defendant
> 52 West Whittier Street
> Columbus, OH 43206
> Phone: 614/444-8800
> Email:  tkshermanlaw@gmail.com

-8-

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of February, 2026, I electronically filed the following with the Clerk of the Court, using the CM/ECF System, which will send notification of such filing to the following: Emily Czerniejewski, Assistant U. S. Attorney; and I hereby certify that I have mailed by United States Postal Service the document to the following non-DCM/ECF participants:  n/a .

                                                /s/Terry K. Sherman, #0002417
                                                Attorney for Defendant
                                                Email:  tkshermanlaw@gmail.com